[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Thomas E. Coddington is appealing from the decision of the Municipal Court of Kettering, Ohio, granting summary judgment to Linda J. Leesman in Coddington's suit against her to recover an engagement ring.
Although the record as to the facts of the controversy is sparse, it is evident that Coddington and Leesman became engaged around August, 1995, and that "some time thereafter" Leesman called off the engagement and the planned wedding. Complaint, paragraph 4.
Before they were even engaged to marry, the parties had jointly purchased some real estate. They subsequently settled their ownership differences, and both parties signed a "general release" which provided, inter alia, in the preamble after referring to the real estate, "the parties now desire to terminate all joint ownership and other rights and obligations which either of them may have against the other." (Emphasis supplied.) The document also provides:
 2. Release. Each party fully and finally releases, acquits and forever discharges the other from any and all obligations, claims, demands, actions and causes of action, or any other damages or liabilities of any kind or character, whether known or unknown, whether arising in law or equity, which the releasing party ever had or now has in connection with the Property or for any reason from the beginning of the world to the date of this Release.
(Last emphasis supplied.)
It is admitted by Coddington, through his counsel's brief, that he did not request the return of the engagement ring until "after resolving the lingering property disputes . . ." Appellant's brief, 4. The trial court found that the ring in question was Leesman's property, and that plaintiff's claim was barred by the general release. Coddington timely appealed, bringing the following sole assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT THE GENERAL RELEASE PROHIBITED THE CLAIMS ASSERTED BY MR. CODDINGTON.
We overrule the assignment of error and affirm.
Had Coddington timely requested the return of the engagement ring, that is, immediately after the engagement was broken and at least before entering into a general release with her, the law is clear, at least in this district, that he would have gotten his ring back. Wion v. Henderson (1985), 24 Ohio App.3d 207. See annotation, Rights and Respect of Engagement and CourtshipPresents When Marriage Does Not Ensue (1972), 46 ALR3d 578. Mr. Coddington simply "slept on his rights."
Coddington argues on appeal that the general release should be construed according to the facts and circumstances which surround it, which he claims was simply settling the rights in the real estate. Thus, we are supposed to find the release ambiguous and go beyond it to parole evidence regarding the parties' intentions. We cannot do that, however. A court does not consider "evidence" concerning the meaning of contract language until it is first determined that the language is ambiguous. The very case that appellant relies on and is attached to his brief contains that well known and universally accepted axiom of the law. Carverv. Penn Warranty Corp. (May 17, 1996), Portage App. No. 96-P-0006. See also Alexander v. Buckeye Pipeline Co. (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, citing Blosser v. Enderlin (1925),113 Ohio St. 121. The release is not only labeled a "general" release, but contains the language which is quoted above that not only settles their differences regarding the real estate, but clearly also terminates all other rights and obligations of the parties which either may have against the other and releases each other of any known obligations, claims, demands, etc. "for any reason." The release is, therefore, not only a focused release of claims regarding their real estate, but also a general release of all claims against each other. We cannot go behind this language and find the release is limited when on its face it is unlimited.
Were we to hold the contrary, a shudder of apprehension and dismay would ripple through the legal community, not only of this district but of the entire state. Every general release that has been executed in the past and prior to the expiration of the statute of limitations would be at risk and subject to attack by either party. Moreover, no lawyer in the future would know how to draft a general release that would be effective. What would a lawyer have to do, add the phrase "and we really mean it?" The principal of finality so dear to the law (citations unnecessary) would be greatly weakened, if not totally destroyed. We cannot let that happen. As we have already stated, the assignment of error is overruled, and the judgment is affirmed.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
David S. Jablinski
Meredith A. Trott
Erin A. Starkey
Hon. Robert L. Moore